# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-322 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Demetrice Devon Miller, | |
| Defendant. | |

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Douglas Olson, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Government's Motion for Discovery, ECF No. 14;

2. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 19;

3. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 20;

4. Defendant's Motion for Discovery and Inspection, ECF No. 21;

5. Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 22; and

6. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 23.

A hearing was held on January 28, 2020. ECF No. 28. Assistant United States Attorney Benjamin Bejar appeared on behalf of the United States of America (the "Government"). Assistant Federal Defender Douglas Olson appeared on behalf of Defendant Demetrice Devon Miller. Based upon the record, memoranda, and oral arguments of counsel,[1] **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery, ECF No. 14, is **GRANTED**. This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. Defendant had no objection to the Government's motion. The Court will address the disclosure of expert witnesses in connection with Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 23. *See infra* ¶ 6.

2. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 19, is **GRANTED IN PART** and **DENIED IN PART**. Defendant requests disclosure of evidence the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b) three weeks prior to trial. The Government objects to the extent Defendant seeks the disclosure of "intrinsic" evidence and states that it will disclose "extrinsic" Rule 404(b) evidence no later than 14 days prior to trial. Gov't's Consol. Resp. at 1-2, ECF No. 26.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R.

---

[1] This Order is being issued following a series of General Orders issued by the Honorable John R. Tunheim, Chief District Judge of the United States District Court for the District of Minnesota, in connection with the COVID-19 pandemic, *available at* https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

Evid. 404(b)(2).  "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").  "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."  *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

No later than 14 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b).  Defendant's motion is otherwise denied.  If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

3.      Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 20, is **GRANTED IN PART** and **DENIED IN PART**.  Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Miller v. Pate*, 386 U.S. 1 (1967), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Moore v. Illinois*, 408 U.S. 786 (1972).

The Government acknowledges its obligations under *Brady*, *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and states that it has complied and will continue to comply with those obligations.  The Government "objects to . . . [D]efendant's motion

to the extent that it seeks materials that are not required to be disclosed under *Brady*, *Giglio*, and their progeny." Gov't's Consol. Resp. at 3.

"The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally

required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. March 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. Consistent with the parties' agreement, Jencks Act materials shall be provided no later than 3 days prior to trial. *See infra* ¶ 5.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seek materials that have already been produced, such request is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

4. Defendant's Motion for Discovery and Inspection, ECF No. 21, is **GRANTED IN PART** and **DENIED IN PART**. Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (F) of the Federal Rules of Criminal Procedure. Defendant further requests that, in the event the Government subsequently discovers additional materials previously requested or ordered to be produced, that his counsel be notified. The Government acknowledges its obligations under Rule 16 and states that it has and will continue to comply with such obligations.

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced. And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion. To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, his motion is denied.

5.   Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 22, is **GRANTED IN PART** and **DENIED IN PART**. At the hearing, the parties agreed to reciprocal disclosure of Jencks Act materials no later than 3 days before trial consistent with the customary practice in this District.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). Consistent with the parties' agreement, the Government shall disclose Jencks Act materials no later than 3 days before trial. Defendant's motion is otherwise denied.

6.      Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 23, and the Government's proposal for the disclosure of expert witnesses, *see supra* ¶ 1, are **GRANTED IN PART** and **DENIED IN PART**.  The parties seek the establishment of deadlines for the disclosure of any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).  Defendant requests that such disclosures be made one month before trial; the Government proposes 20 days before trial.  No later than 21 days prior to trial, the parties shall make their expert disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

7.      All prior consistent orders remain in full force and effect.

8.      Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: April __27__, 2020                             _____s/ Tony N. Leung_____
                                                     Tony N. Leung
                                                     United States Magistrate Judge
                                                     District of Minnesota


                                                     *United States v. Miller*
                                                     Case No. 19-cr-322 (JRT/TNL)