UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-322 (JRT/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) PLEA AGREEMENT AND ) SENTENCING STIPULATIONS |
| DEMETRICE DEVON MILLER, | ) ) |
| Defendant. | ) |

The United States of America and the defendant, DEMETRICE DEVON MILLER, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **<u>Charges</u>**. The defendant agrees to plead guilty to Count 1 of the Indictment, charging the defendant with being a felon in possession of firearms, in violation of Title 18, United States Code, Section 922(g)(1).

2. **<u>Factual Basis</u>**. The defendant stipulates and agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

    a. On November 23, 2019, at approximately 5:00 p.m., a Saint Paul Police (SPPD) squad effected a traffic stop of a vehicle for a traffic violation of rolling through a stop sign. As the vehicle pulled to the curb, the passenger, later identified as the defendant, fled on foot through a residential neighborhood.

    b. An SPPD officer gave chase, and soon thereafter heard a gunshot and saw the defendant stumble and fall into a residential yard by a fence. The officer

immediately asked the defendant where the gun was located, and the defendant motioned down to his feet. Police recovered two firearms near the defendant's feet in the yard: a Hi-Point, model JHP, .45-caliber semiautomatic pistol, bearing serial number X4224410, and a Taurus, model G2C, 9mm-caliber semiautomatic pistol, bearing serial number TMS50873, collectively, "the firearms." The officer handcuffed the defendant, and the defendant acknowledged that the two guns were all he had with him. When an officer later cleared the 9mm pistol, a discharged casing fell out of the chamber.

      c.     Police discovered that the defendant while fleeing police had accidentally shot himself with one of his firearms in his upper abdomen, exiting his back. Police administered life-saving measures and called medics to the scene. The defendant was taken to a local hospital.

      d.     During a Mirandized interview, the defendant stated that at first he assumed police shot him, but didn't really know what happened because it all happened so fast. He stated that he has been handling firearms for years, had handled about 150 guns, and had never shot himself. But he later stated that after thinking about it, he realized that as he was running, he grabbed one of the firearms with his hand to discard it, and as it started falling, he clicked the trigger and it must have discharged. The defendant acknowledged that he shot himself with his own gun.

      e.     Each firearm referenced above is a "firearm" as defined by federal law under 18 U.S.C. § 921(a)(3), and each firearm was not manufactured in the State of Minnesota. Each firearm, as statutorily defined, therefore necessarily traveled in or affected interstate or foreign commerce prior to being in the defendant's possession in the State and District of Minnesota on November 23, 2019.

      f.     The defendant admits and agrees that prior to November 23, 2019, he had been convicted of certain felony crimes, as listed in Count 1 of the Indictment, each punishable by more than one year in prison, that he knew he had previously been convicted of at least one crime punishable by more than one year in prison, that he knowingly and voluntarily possessed the firearms on November 23, 2019, and that he knew that his possession of the firearms violated the law on account of his prior conviction(s).

      3.     **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant

knowingly, willingly and voluntarily agrees to withdraw any pretrial motions he may have already filed and to give up the right to file any additional pretrial motions.

4. **Statutory Penalties**. (a) The United States believes that the defendant is subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and that Count 1 of the Indictment carries the following statutory penalties:

   a. a maximum term of life imprisonment;

   b. a mandatory-minimum term of not less than 15 years' imprisonment. (18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1));

   c. a supervised-release term of not more than 5 years. (18 U.S.C. § 3583(b)(1));

   d. a fine of up to $250,000. (18 U.S.C. §§ 924(a)(2) and 3571(b)(3)); and

   e. a mandatory special assessment of $100. (18 U.S.C. § 3013(a)(2)(A)).

(b) The defendant expressly reserves the right to argue that he is not subject to the ACCA and to challenge, at sentencing, the PSR's designation of any prior felony conviction as a predicate felony under the ACCA. If the defendant is not subject to the ACCA, Count 1 would carry a maximum term of 10 years' imprisonment, 18 U.S.C. §§ 922(g)(1), 924(a)(2), and a supervised-release term of not more than 3 years, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2).

In any event, whether the defendant is or is not subject to the ACCA, neither party will be able to withdraw from this Plea Agreement on that ground.

5. **Guidelines Calculations**. The parties acknowledge the defendant will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. Nothing in this plea

agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following Guidelines calculations:

      a. **Base Offense Level**. (1) If the defendant is subject to an enhanced sentence under the ACCA, the parties agree that the **base offense level is 33**. USSG § 4B1.4(b)(3)(B). (2) If the defendant is not subject to an enhanced sentence under the ACCA, the parties agree that the **base offense level is 24** because the defendant committed the instant offense after incurring at least two felony convictions of a crime of violence. USSG § 2K2.1(a)(2).

      b. **Specific Offense Characteristics**. (1) The parties agree that if the base offense level is determined by USSG § 4B1.4(b), no specific offense characteristics or adjustments apply. (2) The parties also agree, however, that if the base offense level is not determined by USSG § 4B1.4(b), the parties will be free to argue for or against the application of specific offense characteristics or adjustments at sentencing.

      c. **Chapter Three Adjustments**. (1) The parties agree that if the base offense level is determined by USSG § 4B1.4(b), no Chapter Three adjustments apply other than as provided for in Paragraph 5.d. below for acceptance of responsibility. (2) The parties also agree, however, that if the base offense level is not determined by USSG § 4B1.4(b), the parties will be free to argue for or against the application of specific Chapter Three adjustments (other than acceptance of responsibility) at sentencing.

      d. **Acceptance of Responsibility**. The parties agree that if and only if the defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the United States will recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and will move for an additional one-level reduction under § 3E1.1(b). The defendant understands that any reduction for acceptance of responsibility shall be determined by the Court in its discretion.

If the defendant is subject to an enhanced sentence under the ACCA, then after applying a three-level reduction for acceptance of responsibility, the defendant's **total offense level is 30**. If the defendant is not subject to an enhanced sentence under the ACCA, then the defendant's **total offense level is at least 21** (subject to any applicable Specific Offense Characteristics and/or Chapter Three adjustments).

   e. **Criminal History Category**. Based on the information currently available, the parties believe the defendant has a criminal history category of **VI**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The final determination of the defendant's criminal history category will not provide either party a basis to withdraw from the plea agreement.

   f. **Guidelines Range**. (1) If the total offense level is 30 (33-3), and the criminal history category is VI, the advisory Guidelines range is 168 to 210 months' imprisonment, with a statutory mandatory-minimum sentence of 180 months' imprisonment (if the ACCA applies), or an effective Guidelines range of 180 to 210 months. USSG § 5G1.1. (2) If the total offense level is at least 21 (24-3), and the criminal history category is VI, the advisory Guidelines range is at least 77 to 96 months' imprisonment. The parties agrees that either such circumstance will not provide either party with a basis to withdraw from the plea agreement nor for the defendant to withdraw his guilty plea.

   g. **Fine Range**. If the total offense level is 30, the applicable fine range is $30,000 to $250,000. USSG § 5E1.2(c)(3); 18 U.S.C. § 3571(b)(3). If the total offense level is at least 21, the applicable fine range is $15,000 to $150,000

   h. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100.00. USSG § 5E1.3. The defendant understands and agrees that this special assessment is due and payable at the time of sentencing.

   i. **Supervised Release**. If the ACCA applies, the Guidelines require a supervised release term of at least 2 years but not more than 5 years. USSG § 5D1.2(a)(1). If the ACCA does not apply, the Guidelines require a supervised release term of at least 1 year but not more than 3 years. USSG § 5D1.2(a)(2).

6. **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their

application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines (but not below the mandatory-minimum sentence of 180 months, if the ACCA applies). If the Court determines the applicable Guidelines calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

7. **Sentencing Recommendation and Departures**. The parties reserve the right to make departure motions and to oppose any such motions made by the opposing party. The parties also reserve the right to argue for a sentence outside the applicable advisory Guidelines range, subject to any mandatory minimum sentence. Both parties acknowledge and agree, however, that in the event that a retroactively applicable change in the law regarding the ACCA is enacted by Congress and/or adopted by the United States Sentencing Commission, nothing in this plea agreement will preclude the defendant from pursuing any applicable remedy to modify his sentence.

8. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

9. **Forfeitures**. The defendant agrees to forfeit to the United States all property described in the Forfeiture Allegations of the Indictment. The defendant agrees

that the United States may, at its option, forfeit such property through civil, criminal or administrative forfeiture proceedings and abandons any interest he has in such property.

10. **Waiver of Freedom of Information Act and Privacy Act**. In exchange for the concessions of the United States made herein, the defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

11. **Waiver of Postconviction Petition**. The defendant understands his rights to file and seek a postconviction petition contesting his conviction or sentence and, except for a claim of ineffective assistance of counsel and/or the specific exception listed in Paragraph 7 above, the defendant knowingly and voluntarily waives all rights to contest the defendant's conviction or sentence in any postconviction collateral proceeding, including one pursuant to Title 28, United States Code, Section 2255. The defendant has discussed these rights with his counsel and understands the rights being waived. The parties are also expressly aware that Title 18, United States Code, Section 3742, affords them the right to appeal the sentence imposed in this case, and agree that nothing in this paragraph is intended to waive their respective direct appellate rights.

12. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: MAY 11, 2021

W. ANDERS FOLK
Acting United States Attorney

BY: BENJAMIN BEJAR
Assistant United States Attorney

Dated: 05-11-2021

DEMETRICE DEVON MILLER
Defendant

Dated: 5/11/2021

PIPER KENNEY WOLD, ESQ.
Attorney for Defendant

12. **Complete Agreement**.  This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: _____  W. ANDERS FOLK
Acting United States Attorney

_____
BY: BENJAMIN BEJAR
Assistant United States Attorney

Dated: _____  _____
DEMETRICE DEVON MILLER
Defendant

Dated: _____  _____
PIPER KENNEY WOLD, ESQ.
Attorney for Defendant